# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RHONDA HUNTER,

        Defendant.
_____/

CASE NO. 07-13664

HON. MARIANNE O. BATTANI

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now before the Court is Plaintiff's Motion for Summary Judgment (Doc. No. 7). The Court has reviewed the pleadings, and finds oral argument would not aid in the resolution of this motion. See E.D. Mich. LR  LR 7.1(e)(2). For the reasons the follow, Plaintiff's motion is **GRANTED.**

## I. INTRODUCTION

Plaintiff filed this action seeking recovery of two delinquent student loan debts. On April 5, 1989, Defendant Rhonda Hunter executed a promissory note to secure a loan in the amount of $2,625.00, and another promissory note to secure a loan in the amount of $2,575.00. Pl.'s Exs. B, C. The Department of Education reinsured the loan obligation pursuant to Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 et seq. After Defendant defaulted on the loans, the balances of the Promissory Notes were accelerated. The holders of the notes filed a claim with the Guarantors, who paid the claims. The Department of Education reimbursed the Guarantors and took assignment of

the right to collect the debt from Defendant. Pl.' Ex. B. Plaintiff seeks the amount it paid, plus the applicable interest under the contract, which totaled $12, 382.32 as of the date the Complaint was filed, August 29, 2007.

## II.  STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

> As the United States Supreme Court has ruled:
>> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact.  See Hager v. Pike County Bd. of Educ., 286 F.3d 366, 370 (6th Cir. 2002). "[T]he burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court -- that there is an absence of evidence to  support the nonmoving party's case."  Celotex, 477 U.S. at 325.

Once the moving party carries that burden, the burden then shifts to the nonmoving party to set forth specific facts showing a genuine triable issue.  FED. R. CIV. P. 56(e); Chao v. Hall Holding Co., 285 F.3d 415, 424 (6th Cir. 2002).  "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict."  Anderson v.

2

Liberty Lobby Inc., 477 U.S. 242, 256 (1986). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. See Hunt v. Cromartie, 526 U.S. 541, 549 (1999); Sagan v. U.S., 342 F.3d 493, 497 (6th Cir. 2003).

## III. ANALYSIS

Plaintiff's exhibits demonstrate that all the elements of its claim for breach of contract have been satisfied. Here, Plaintiff's evidence demonstrates that Defendant signed the Promissory Notes; Plaintiff is the holder of the Notes; and the Notes are in default. United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001) (citation omitted). The Certificates of Indebtedness are prima facie evidence of Plaintiff's claim and satisfy its burden. Id.

Defendant has failed to respond to the motion; however in her Answer, Plaintiff advances a "defense." She does not contest the facts as set forth by Plaintiff. Hunter asserts that she is not responsible for repayment of the loans because pursuant to her understanding with Tri-State Training School, which advertised that if it "could not find you a professional truck driving job within a 2-year period of time," the loan did not have to be repaid under circumstances relevant here. See Doc. No. 4, Answer. Specifically, Hunter did not find employment as a truck driver. Id.

Defendant's understanding is not part of the terms of either loan and is not a defense to repayment. Defendant breached her agreements to repay her student loans. The amount due to Plaintiff is not disputed. Accordingly, the Court finds that Plaintiff has prevailed on its claim.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion is **GRANTED.**

**IT IS SO ORDERED.**

                                      s/Marianne O. Battani
                                      MARIANNE O. BATTANI
                                      UNITED STATES DISTRICT JUDGE

Date:  June 17, 2008

**CERTIFICATE OF SERVICE**

      A copy of this Order was mailed and/or electronically filed to Defendant and counsel of record on this date.

                                      s/Bernadette M. Thebolt
                                      Deputy Clerk